UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60070-CR-ALTMAN/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IDRIS MATTHEWS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CJA VOUCHER

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 66) from United States District Judge Roy Altman, for the purpose of reviewing a CJA voucher requesting compensation in excess of the CJA cap. The undersigned, having reviewed the voucher, Counsel's Memorandum in support of billing above compensation maximums, and the record, recommends to the District Court as follows:

Court-appointed defense counsel Peter Patanzo ("Counsel") represented Defendant Idris Matthews in this case, which resulted in entry of Final Judgment (ECF No. 64) following a guilty plea. Counsel submitted a voucher application that has been referred for review and approval, requesting $20,986.60 as payment for attorney's fees and expenses pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Counsel submitted a Memorandum that seeks to explain why the statutory cap should be exceeded, and the voucher approved, together with billing worksheets in support of his claim. Counsel represented Defendant in this case for approximately 22 months, from March 23, 2020, to the date of final adjudication on January 10, 2022.

Upon reviewing the voucher application and supporting record, including a detailed 13-page Memorandum submitted by Counsel, the undersigned finds that no hearing is necessary. Having reviewed these documents, the undersigned hereby recommends that Counsel be awarded a total amount of $20,986.60 as fair compensation for representing Defendant in this case.

## I.   DISCUSSION

### A.   Applicable Standard Under the Criminal Justice Act[1]

The CJA authorizes the appointment of counsel to represent indigent defendants charged with federal offenses. 18 U.S.C. § 3006A. At the conclusion of a CJA representation, the court shall compensate the appointed attorney for "time expended in court," "time reasonably expended out of court," and "expenses reasonably incurred." 18 U.S.C. § 3006A(d)(1). The district court, as the body empowered to "fix" CJA-appointed counsel's compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *See* 18 U.S.C. § 3006A(d)(5); *United States v. Rodriguez*, 833 F.2d 1536, 1537-38 (11th Cir. 1987). For the relevant time period at issue here, compensation was capped at $11,800.00 for work on a felony case from January 1, 2020, through December 31, 2020; $12,100.00 for work performed from January 1, 2021, through December 31, 2021; and $12,300.00 for work performed after January 1, 2022. S*ee* Guidelines §§ 230.23.20(a), 230.23.30. A court may award a fee in excess of the maximum only by

---

1. The Judicial Conference of the United States developed guidelines to assist courts in the application of the CJA's compensation provisions. *See In re Berger*, 498 U.S. 233, 234 (1991). The "Guidelines for Administering the CJA and Related Statutes" ("Guidelines") are contained in the Guide to Judiciary Policy, Volume 7, Part A.

certifying that the case involved "extended or complex representation" and that the excess amount is "necessary to provide fair compensation" to appointed counsel. *See* 18 U.S.C. §§ 3006A(d)(2) & (3); Guidelines §§ 230.23.40(b) & (c).

### B.     Whether Extended or Complex Representation was Involved

The first issue is whether this Court can exceed the cap at all in the case. If the case did not involve extended or complex representation, the most this Court can award on the voucher is the maximum referenced above (assuming that all time included in that request was otherwise reasonable). The undersigned finds in this case that extended representation was required. Counsel's representation in this case spanned almost 22 months. During that time, Counsel reviewed significant amounts of discovery and also obtained and reviewed substantial mental health records pertaining to Defendant. Careful review of Defendant's cognitive issues was necessary in light of the need to address Defendant's ability to appreciate his status as a prohibited person, pursuant to the recent holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) (requiring proof in a felon-in-possession case that a defendant was aware of his prohibited status at the time of the offense). This also necessitated consultation with a neuropsychologist who examined Defendant, and ultimately required a decision whether to address Defendant's mental health deficiency through the prism of guilt or innocence on the one hand, or diminished capacity or other mitigation at sentencing on the other. Having decided on the latter, Counsel represents that sentencing preparation was extended, complex, and time-consuming, involving further psychological testing and voluminous record review, including criminal, school, medical, and Social Security records.

Counsel's voucher shows that the bulk of the time charged in this representation involved the necessary review of discovery and other records, conferences with his client and experts, and legal research and writing.  Having reviewed the voucher and Counsel's Memorandum, and the record as a whole, the undersigned finds that the billed hours were legitimately and necessarily undertaken to properly represent this Defendant against these charges.  The fact that the case ultimately resolved by way of guilty plea does not necessarily diminish the need for time-consuming preparation.  The undersigned therefore recommends that the Court find that extended and complex representation was necessary.

### C.   *Whether the Time and Expense Incurred was Reasonable*

The final question involves whether all the time undertaken in this effort was reasonably necessary.  After careful review of the record, the undersigned finds that the time expended on this case was necessary, for the reasons explained above.

The undersigned's review of the voucher shows that no material reductions are warranted for any of the categories of work included.  The time incurred for travel, in-court work, client consultation, and research and preparation was reasonable and within expected levels for extended representation.  The undersigned recommends that no adjustments be made and finds that the requested amount is reasonable and compensable.

### II.   CONCLUSION

Based on a thorough review of the record, the CJA voucher, supporting documentation, and a detailed Memorandum submitted by Counsel, the undersigned

**RECOMMENDS** that Counsel be reimbursed for $20,986.60 for voucher 113C.1025009.

Counsel will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy Altman, United States District Judge. Failure to file objections timely shall bar Counsel from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar Counsel from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 18th day of April, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE